**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Isaac Johnson, Respondent,

v.

Elve Williams, David McFarland, Charles Douglas, Bernice Wilson, Wilken Benjamin, Eddie Gwaltney, Robert Ervin, Kelvin Byrd, Ronald Mumford, Layton Swinney, Carl Days, Alton Taylor, Daisy Weaver, Melvin Warren, Larry Stivers and Jerusalem Baptist Church, Defendants,

Of Whom Kelvin Byrd is the Appellant.

Appellate Case No. 2011-200206

———————————

Appeal From Darlington County
Stephanie P. McDonald, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-388
Heard September 9, 2013 – Filed October 16, 2013

———————————

**AFFIRMED**

———————————

Kevin Hayne Sitnik, of South Carolina Law Firm, P.C., of Irmo, for Appellant.

John Derrick Clark, of Clark Law Firm, LLC, of Sumter, for Respondent.

---

**PER CURIAM:**  Appellant Kelvin Byrd, a member of the board of trustees for Jerusalem Baptist Church (the "Church"), argues the circuit court erred in awarding $100,000 in damages to Isaac Johnson, the Church's former pastor, for breach of contract/wrongful termination, libel, and slander.  Byrd maintains the circuit court erred in (1) submitting Johnson's claims for libel and slander to the jury in derogation of section 33-56-180 of the South Carolina Code (Supp. 2012), which bars recovery against individual employees of a charitable institution and (2) entering judgment against Byrd in his individual capacity when the jury did not expressly find that he acted outside the scope and course of his employment.  We affirm.

We find that Byrd failed to raise his arguments on appeal to the circuit court.  Accordingly, these arguments are not preserved for appellate review.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review.").  In both of his arguments on appeal, Byrd argues the circuit court submitted a verdict form that was inadequate to establish liability against Byrd individually.  However, at the conclusion of trial, the circuit court repeatedly asked counsel for both sides whether they had any objections to the format of the verdict form.   Byrd's counsel repeatedly responded that he had "no objection" to the verdict form.  Further, there was no reference to section 33-56-180 in any of Byrd's directed verdict motions.  Accordingly, we find that Byrd failed to raise his current arguments to the circuit court and is therefore barred from raising these issues for the first time on appeal.

**AFFIRMED.**

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**